IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-00145-FL

| | |
|---|---|
| DEMETRIUS M. HOLDER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | MEMORANDUM AND |
| v. ) | RECOMMENDATION |
| ) | |
| U.S. MARSHALS OFFICE, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 and for frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). [DE-1]. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs and the application is allowed. However, because the complaint fails to state a claim upon which relief can be granted or seeks monetary damages from a defendant immune from suit, it is recommended that the complaint be dismissed.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d

391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case,

2

Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

Plaintiff, Demitrius Marwin Holder, ("Plaintiff") alleges that Supervisory Deputy United States Marshal Sugrue (identified as "Surge" by Plaintiff) denied Plaintiff access to the court's law library because Plaintiff is not a bar member, in violation of the Equal Protection clause of the Fourteenth Amendment to the Constitution. Compl. [DE-1-1] at 2-3. Plaintiff asserts claims pursuant to 42 U.S.C. §§ 1983 and 1988 and seeks $750,000 in relief. *Id.* at 4.

### A.     Section 1983 and *Bivens* Claims

Section 1983 prohibits conduct by persons acting "under the color of state law." 42 U.S.C. § 1983. Here, Plaintiff alleges the United States Marshals Service and a Deputy United States Marshal violated his rights. The United States Marshals Service is a federal rather than a state agency, and there is no allegation that Defendants were acting under the color of state law. Accordingly, Plaintiff has failed to state a § 1983 claim. However, given the court's obligation to liberally construe a *pro se* complaint to allow for the development of potentially meritorious claims, the undersigned will consider whether a *Bivens* claim has been sufficiently pled. *See Benton v.*

3

*Whitney*, No. 3:12-CV-178-RJC, 2012 WL 4321323, at *1 n.1 (W.D.N.C. Sept. 20, 2012) (unpublished) (construing *pro se* complaint as a *Bivens* action, which is the federal counterpart of an action brought under 42 U.S.C. § 1983) (citing *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971)).

*Bivens* provides a private cause of action against a federal officer based on a Constitutional violation. *See Taylor v. U.S., Health Net Fed. Servs., LLC*, No. 7:11-CV-268-FL, 2014 WL 1096298, at *4 (E.D.N.C. Mar. 19, 2014) (unpublished) (citing *Bivens*, 403 U.S. at 397). However, the United States Marshals Service is not subject to liability under *Bivens* because it is immune from suit. *See Gary v. Gardner*, 445 F. App'x 465, 466-67 (3d Cir. 2011) (unpublished) ("[T]he United States Marshals Service is entitled to sovereign immunity from suit. The Marshals Service, as an agency of the United States, is 'shielded from private actions unless sovereign immunity has been waived.'") (quoting *Beneficial Consumer Discount Co. v. Poltonowicz*, 47 F.3d 91, 94 (3d Cir. 1995)); *Eddington v. U.S. Marshal Serv.*, No. CA 8:10-1108-RBH-BHH, 2010 WL 2622769, at *3 (unpublished) (D.S.C. May 27, 2010) (the "U.S. Marshals Service is a federal agency protected by sovereign immunity . . . .") (citing *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (declining to extend *Bivens* to permit suit against a federal agency); *Global Mail Ltd. v. U.S. Postal Service*, 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit); *Moore v. U.S. Dep't of Agriculture*, 55 F.3d 991, 995 (5th Cir. 1995) ("*Bivens*-type claims cannot be brought against federal agencies"); *Edwards v. Fifth Cir. Ct. of Appeals*, No. 3:02-CV-0976-D, 2003 WL 21500434 at *3 (N.D.Tex. April 23, 2003) (unpublished) ("Plaintiff can obtain no relief under *Bivens* against a federal court")), *adopted by* 2010 WL 2621478 (June 24, 2010). There are no facts alleged that would lead to a finding that

4

immunity has been waived and, thus, the Marshals Service is immune from suit.

To the extent Plaintiff seeks to bring a claim against Supervisory Deputy Marshal Sugrue, the complaint fails to state the requisite Constitutional violation. "To state a Fifth Amendment equal protection claim, a plaintiff first must demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Hood v. Steinour*, No. 5:11-CT-3018-FL, 2012 WL 3629198, at *3 (E.D.N.C. Aug. 22, 2012) (unpublished) (citing *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). "In doing so, the plaintiff must set forth 'specific non-conclusory factual allegations that establish an improper [discriminatory] motive.'" *Id.* (quoting *Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir. 2003)). Plaintiff asserts that his equal protection rights were violated, because access to the court's law library is only granted to bar members. Compl. [DE-1-1] at 3. Plaintiff has not alleged that he was treated differently from others with whom he is similarly situated or that such treatment was the result of intentional or purposeful discrimination. Accordingly, Plaintiff has failed to state an equal protection claim with respect to Supervisory Deputy Marshal Sugrue.

Alternatively, the Deputy Marshal is immune from suit seeking monetary damages under the doctrine of absolute quasi-judicial immunity. The court's Local Rules provide that use of the court library "is limited to judicial officers, court staff and members of the bar of this court." Local Civil Rule 100.1. Absolute quasi-judicial immunity "extends to [a] judge's subordinates for 'functions that are more administrative in character [that] have been undertaken pursuant to the [judge's] explicit direction.'" *In re Mills*, 287 F. App'x 273, 279 (4th Cir. 2008) (unpublished) (quoting *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992)). Here, the Deputy Marshal was carrying out the court's directive limiting access to the court's library to "judicial officers, court staff and members

of the bar of this court," pursuant to the court's Local Rules, and there is no allegation that the directive was carried out "in a manner not sanctioned by the [court]." *Id.* (citation omitted). Accordingly, Supervisory Deputy Marshal Sugrue is entitled to absolute quasi-judicial immunity.

### III. CONCLUSION

Based upon the foregoing, Plaintiff's application to proceed *in forma pauperis* is ALLOWED, and it is RECOMMENDED that this case be DISMISSED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **May 31, 2016** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v.*

*Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

SUBMITTED, this the 17 day of May 2016.

_____
Robert B. Jones, Jr.
United States Magistrate Judge