IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-145-FL

| | |
|---|---|
| DEMETRIUS M. HOLDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| U.S. MARSHALS OFFICE ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of United States Magistrate Judge Robert B. Jones Jr. (DE 6), pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that the court dismiss the case upon frivolity review under 28 U.S.C. §§ 1915(e)(2)(B). Plaintiff objected to the M&R, (DE 8), and in this posture, the matter is ripe for ruling. For the reasons stated herein, the court adopts the M&R as its own and dismisses the complaint as frivolous.

## BACKGROUND

On April 1, 2016, plaintiff filed a motion to proceed in forma pauperis, proposing a complaint alleging that Supervisory Deputy United States Marshal Sugrue (identified as "Surge" by plaintiff, hereinafter "Sugrue") denied Plaintiff access to the court's law library because Plaintiff is not a bar member, in violation of the Equal Protection clause of the Fourteenth Amendment to the Constitution. Plaintiff asserts claims pursuant to 42 U.S.C. §§ 1983 and 1988 and seeks $750,000 in relief. The M&R recommends dismissal of plaintiff's claims as frivolous. Plaintiff's objections followed.

**DISCUSSION**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Frivolous claims are those that lack "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). With regard to plaintiff's claim, § 1983 imposes liability on persons who, under color of state law, deprive a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 49-50 (1988). However, § 1983 is not a "source of substantive rights." Lambert v. Williams, 223 F.3d 257, 260 (4th Cir. 2000).

Plaintiffs objections do not call into question the analysis of the M&R. Upon careful review of the objections and the record, the court finds plaintiff's objections to be without merit and adopts the analysis of the M&R as to plaintiff's claims. Plaintiff's claims properly are construed as claims under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 395-97 (1971). As such, no private cause of action lies against an agency of the federal government, such as

defendant.  See Taylor v. United States, 89 F. Supp. 3d 766, 772 (E.D.N.C. 2014).  To the extent plaintiff seeks relief against Sugrue, plaintiff fails to state a claim.  Plaintiff fails to allege he was treated differently from similarly situated individuals, see Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001), nor any discriminatory motive.  Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003).  In addition, Sugrue is immune for conduct undertaken pursuant to the court's specific direction in Local Civil Rule 100.1.  See In re Mills, 287 F. App'x 273, 279 (4th Cir. 2008).

## CONCLUSION

Based on the foregoing, upon *de novo* review of the M&R, the court ADOPTS the recommendation of the magistrate judge (DE 6), and plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).  The clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of July, 2016.

LOUISE W. FLANAGAN
United States District Judge

3